**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr.A. No. 1202020644 |
| | ) | |
| BRYAN SCHOENBECK, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 4, 2014
Decided: December 17, 2014

Christina Kontis, Esquire
Deputy Attorney General
Department of Justice
820 North French Street, 7th Floor
Wilmington, DE 19801
  *Attorney for the State of Delaware*

Jonathan Layton, Esquire
Layton & Associates, P.A.
1823 West 16th Street
Wilmington, DE 19806
  *Attorney for Defendant*

**MEMORANDUM OPINION AND ORDER**
**ON DEFENDANT'S MOTION TO DISMISS**

Defendant Bryan Schoenbeck ("Defendant") brings this motion to dismiss the pending charges filed against him on the grounds that his right to a speedy trial, as guaranteed by the United States and Delaware Constitutions, was violated because of repeated trial delays. On December 4, 2014, the Court heard argument on the motion from both the Defendant and the State, and reserved its decision. This is the Court's Decision on Defendant's Motion to Dismiss.

# PROCEDURAL HISTORY

On February 26, 2012, Defendant was involved in a motor vehicle accident on New Linden Hill Road in New Castle County, and was subsequently charged with Driving Under the Influence (DUI) and Failure to Have Insurance in Possession.

On May 20, 2013, the Justice of the Peace Court held a trial where Defendant was gound Defendant not guilty of the Failure to Have Insurance charge, but guilty of the DUI charge, and *inter alia*, suspended his license for twenty-four months. Defendant appealed the DUI conviction to this Court. On June 14, 2013, at Arraignment, Defendant pled not guilty and the case was scheduled for DUI case review. On July 26, 2013, Defendant rejected a plea offer and demanded a jury trial, which was scheduled for November 19, 2013, and subsequently continued at the Court's request. On March 6, 2014, trial was continued for the second time, at the Court's request.

On April 10, 2014, another matter that was also scheduled for trial went forward, and thus trial in this matter was continued for the third time. The matter that went to trial, *State v. John Mwangi* (Case No. 1303021871), had been in this Court approximately one month longer than the matter at hand.

On July 15, 2014, the docket reflects that trial was continued at Defense Counsel's request. Defendant avers however, that although counsel was initially present for the call of the calendar and could not "immediately" address the status of Defendant's case, Defendant was in fact ready to proceed with trial.[1]

---

[1] At the time, Defense counsel was engaged in an office conference in Superior Court.

On October 7, 2014 trial was continued for the fifth time. Previously, on May 22, 2014, Defendant filed the present motion to dismiss; however for unknown reasons, the motion was not scheduled on a motions calendar, and the State did not obtain a copy. Although the State offered to argue the motion on the papers, given the length of the motion, the Court provided the State with an opportunity to respond in writing to the motion.

On December 4, 2014, the Court held a hearing on the motion and reserved decision. The Court also provided Defendant an opportunity to file an Affidavit describing the prejudice this case has caused him with respect to his suspended license.

Trial is currently scheduled for December 17, 2014.

## PARTIES' CONTENTIONS

Defendant argues that the two year and ten month delay from the date of arrest to the date of the present motion violates his right to a speedy trial. Defendant maintains that the trial has been delayed at the request of the Court and the State, and argues that such delays have prejudiced him.[2] Specifically, Defendant claims that memories of individuals involved in the case, including his own, have faded, and that he is experiencing anxiety and concern regarding this matter and how it may affect his future. Defendant also argues that the delays have prolonged his ability to have his licensed restored, which in turn, has impacted his livelihood and employment.

The State argues that the length of delay is not unreasonable given the procedural posture of the matter. While the State concedes that the delay is partially attributable to the

---

[2] While Defendant maintained that he has been prejudiced in the present motion, he described this prejudice in detail in his Affidavit dated December 11, 2014.

3

State, the State maintains that such continuances were granted for neutral reasons and as such, should weigh less heavily against the State's favor. The State argues that the matter should not be dismissed because the prejudice Defendant may have experienced in this case is no different than the prejudice any other defendant may experience when facing criminal charges.

## DISCUSSION

The Sixth Amendment to the United States Constitution provides, in pertinent part, that "the accused shall enjoy the right to a speedy and public trial" in all criminal prosecutions.[3] This constitutional right applies to the States through the Due Process Clause of the Fourteenth Amendment,[4] and is also included in Article I, Section VII of the Delaware Constitution.[5]

In *Barker v. Wingo*, the United States Supreme Court established a balancing test for courts to apply when determining speedy trial claims.[6] The *Barker* test requires speedy trial claims to be analyzed on a case-by-case basis in conjunction with the following factors: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial, and; (4) prejudice to the defendant."[7] No single factor is dispositive, and all

---

[3] U.S. CONST. amend. VI.

[4] *Klopfer v. North Carolina*, 386 U.S. 213, 222-23 (1967).

[5] DEL. CONST. art. I, § 7.

[6] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

[7] *Id.* at 407 U.S. at 530.

factors should be weighed together, keeping in mind the particular circumstances of the case.[8]  Therefore, I will evaluate each relevant factor as it applies to this case.

### A.  Length of Delay

First, the Court must consider the length of delay.  A defendant's right to a speedy trial attaches "either upon the defendant's arrest or indictment, depending on which occurs first."[9]  If the length of delay is not presumptively prejudicial, the Court does not have to consider the remaining *Barker* factors,[10] however, the Delaware Supreme Court has held that "if the delay between arrest or indictment and trial exceeds one year, the Court generally should consider the other *Barker* factors."[11]

In this case, Defendant was arrested on February 26, 2012.  Trial is currently scheduled for December 17, 2014.  This delay of more than two and one-half years is presumptively prejudicial.  Therefore, I will analyze the remaining *Barker* factors.

### B.  Reason for Delay

The second factor, the reason for delay, is known as the 'flag all litigants seek to capture,'" as it often will reveal whether the defendant will succeed in the speedy trial argument.[12]  The specific circumstances of the case dictate how much weight the Court

---

[8] *Middlebrook  v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 533).

[9] *State v. Sells*, 2013 WL 1654317 at *2 (Del. Com. Pl. April 17, 2013).

[10] *Hicks v. State*, 26 A.3d 214 at *2 (Del. 2011) (TABLE).

[11] *Cooper v. State*, 32 A.3d 988 at *7 (Del. 2011) (TABLE).

[12] *Bailey v. State*, 521 A.2d 1069, 1081 (Del. 1987) (quoting *United States v. Loud Hawk*, 412 U.S. 302, 315 (1986)).

assigns to the reason for the delay.[13]  For example, the reason for delay should weigh heavily against the State if the State causes a delay with the intention of impeding the defense.[14]  On the other hand, delays caused by "negligence, overcrowded courts, or excessive caseloads on prosecutors," while attributable to the State, should be weighed less heavily against the State.[15]  Such reasons for delay are considered to be neutral.[16]  Finally, valid reasons, such as missing witnesses, justify the delay, and do not weigh against the State.[17]

Trial in this matter has been continued on five occasions, four of which were granted by the Court *sua sponte*, and thus, are weighed slightly against the State.

The Court finds it important to note that in support of his argument, Defendant relies on *State v. Downs*,[18] a decision recently issued by the Court in September 2014. Defendant highlights the fact that in *Downs*, two of the trial continuances were granted so that the Office of the Public Defender could appoint conflict counsel.  Although Defendant concedes that *Downs* and the present case are distinguishable, Defendant argues that the Court "still concluded that the defendant was the victim of multiple delays not of his own doing and, therefore, granted the Motion to Dismiss."[19]  In this regard, Defendant's

---

[13] *Id.* at *3.

[14] *Middlebrook*, 802 A.2d at 274 (quoting *Barker*, 407 U.S. at 531).

[15] *Barker*, 407 U.S. at 531. ("The defendant has no influence over the decisions necessary to reduce a backlog in the courts or the caseloads of individual prosecutors.").

[16] *Middlebrook*, 802 A.2d at 274.

[17] *Sells*, 2013 WL 1654317 at *3; *Barker*, 407 U.S. at 531.

[18] 2014 WL 4929507 (Del. Com. Pl. Sept. 26, 2014).

[19] Defendant's Reply in Opposition to the State's Response to Defendant's Motion to Dismiss, p. 10.

reliance on *Downs* is misplaced. Delaware courts have found that when a court grants the Office of Public Defender's request for a continuance in order to appoint conflict counsel, the continuance is "*granted for good cause.*"[20]   In *Downs*, the Court specifically stated that although such a continuance weighs slightly against the State, it likewise weighs only slightly in favor of Defendant.[21]   Moreover, this second factor was not dispositive in deciding the *Downs* defendant's speedy trial claim, as Defendant suggests.[22]

## C. Defendant's Assertion of the Right to a Speedy Trial

Next, the Court considers the time in which the defendant asserted the right to a speedy trial. A defendant's timeliness in asserting this right plays a crucial role in analyzing a speedy trial claim because whether and how a defendant asserts this right suggests the seriousness of the deprivation.[23]   To that extent, a defendant is responsible to inform the court of "what he views as an unfair postponement."[24]

In this case, Defendant asserted his right to a speedy trial on May 22, 2014, which is approximately one year since this matter came before the Court, and just over one month since the third time trial was continued in April 2014. The Court therefore views this factor in favor of Defendant, however it is not dispositive of the issues before the Court.

## D. Prejudice to the Defendant

---

[20] *Hicks*, 26 A.3d 214 at *2; *Middlebrook*, 802 A.2d at 273-74;
[21] *State v. Downs*, 2014 WL 4929507 at *3 (Del. Com. Pl. Sept. 26, 2014).

[22] *Id.* at *3, 5.

[23] *Barker*, 407 U.S. at 531. ("The strength of his efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain.")

[24] *Id.*

The final factor, prejudice to the defendant, is "assessed in the light of the interests of defendants which the speedy trial right was designed to protect," which include: "(1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired.[25] In the matter at hand, although the Defendant has only called into question two interests protected by the speedy trial right, the Court will address all three.[26]

First, the right to a speedy trial protects a defendant's interest in preventing oppressive pretrial incarceration.[27] "'Time spent in jail awaiting trial by one presumed innocent until proven guilty [is a serious matter, as it] often means loss of a job, disrupts family life, and enforces idleness.'"[28] Defendant here is not currently incarcerated on the charges before this Court. Therefore, this first interest is not at issue in this matter.

The right to a speedy trial also protects a defendant's interest in minimizing anxiety and concern.[29] When a trial is delayed, a defendant is presumed to be prejudiced to some degree "by living under a cloud of anxiety, suspicion, and often hostility" for the duration of that delay.[30] This interest, however, will only weigh in a defendant's favor when the defendant has alleged "*excessive* concern or anxiety."[31]

---

[25] *Barker*, 407 U.S. at 532.

[26] *See Middlebrook*, 802 A.2d at 276; *see also Bailey*, 521 A.2d at 1082.

[27] *Middlebrook*, 802 A.2d at 276.

[28] *Downs*, 2014 WL 4929507 at *4 (citing *Sells*, 2013 WL 1654317 at *4).

[29] *Barker*, 407 U.S. at 532.

[30] *Dabney v. State*, 953 A.2d 159, 168 (Del. 2008) (quoting *Middlebrook*, 802 A.2d at 277).

[31] *Downs*, 2014 WL 4929507 at *4 (citing *Cooper*, 32 A.3d 988 at *8.

8

After reviewing the record in this matter, I find that Defendant has been prejudiced due to having excessive concerns and anxieties regarding his livelihood and employment. Defendant provides an Affidavit where he specifically set forth that he is "constantly riddled with anxiety and concern" over this matter and how it may affect his future, including his ability to maintain his current employment.[32] Defendant has also set forth that if convicted, he will be sentenced to serve a jail sentence of at least sixty days, which would render him unable to report to work, and would ultimately result in termination from his employment. This possibility has hung over Defendant for this traffic violation for greater than two years. Moreover, Defendant contends that his absence from work for the days in which he had to attend Court proceedings have "inhibited [his] ability to advance within the corporate structure."[33] I find that collectively, these concerns and anxieties are excessive and have therefore prejudiced Defendant.

Finally, the right to a speedy trial protects the defendant's interest in limiting the possibility of impairing the defense. The right to a speedy trial protects this interest "because the inability of a defendant [to] adequately prepare his case skews the fairness of the entire system."[34] While this kind of prejudice is particularly difficult to prove as "time's erosion of exculpatory evidence and testimony can rarely be shown,"[35] it is nonetheless the "most serious" type of prejudice.[36]

---

[32] Affidavit of Defendant, ¶ 5.

[33] *Id.*

[34] *Downs*, 2014 WL 4929507 at *4

[35] *Sells*, 2013 WL 1654317 at *3 (citing *Doggett v. U.S.*, 505 U.S. 647, 655 (1992)).

Here, Defendant has alleged that he has been prejudiced by the delay because the possibility of faded memories, which impact his ability to prepare his defense. In fact, Defense counsel has maintained that he and Defendant have been prepared to proceed on every occasion that trial has been continued.

Although the trial delays in this matter have impaired only one out of the three interests protected by the Sixth Amendment, Defendant has nonetheless suffered prejudice. Therefore, the fourth factor tips in Defendant's favor.

### E. Balancing of Factors

The balancing of the four *Barker* factors supports Defendant's motion as all four factors tip in favor of Defendant. Therefore, I find that there has been a violation of Defendant's right to a speedy trial.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, the case is hereby Dismissed.

**IT IS SO ORDERED.**

_____

The Honorable Alex J. Smalls.
Chief Judge

Schoenbeck-Mem OP – Dec 17 2014

---

[36] *Barker*, 407 U.S. at 532